The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| X2 BIOSYSTEMS, INC., a Washington corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana insurance company,<br><br>                    Defendant. | NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

Plaintiff X2 Biosystems, Inc. alleges as follows:

**PARTIES**

1. Plaintiff X2 Biosystems, Inc., formerly known as X2 Impact, Inc. ("X2") is a Washington corporation with its principal place of business in Seattle, Washington. All fees and taxes are paid and current.

2. Defendant Federal Insurance Company ("FIC") is an Indiana insurance company with its principal place of business in Warren, New Jersey. At all times material to this Complaint, FIC insured X2 under a ForeFront Portfolio Policy, No. 8222-9920 (the "Policy").

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 1



843575.01

**ACTION**

3. This is an action for damages and a declaratory judgment under RCW Chapter 7.24. X2 seeks a declaration of its rights and the duties and liabilities of FIC under the Policy which covered, *inter alia*, "Wrongful Acts" by X2 for which a claim was made during the policy period. X2 seeks a determination of FIC's duty to reimburse it for certain attorneys' fees, defense costs, and indemnification costs incurred in *Bite Tech and i1 Biometrics, Inc. v. X2 Biometrics, Inc.*, U.S. District Court for the Western District of Washington Cause No. 2:12-CV-01267 RSM (the "*Bite Tech* Litigation"). That suit alleged that X2 was liable to the plaintiffs for damages arising out of X2's wrongful acts, and asserted claims sounding in contract, statutory violation and tort.

4. Despite a number of requests, FIC refused to defend X2, to reimburse attorneys' fees, or agree to indemnify X2 in the *Bite Tech* Litigation, breaching its contractual duties under the Policy. X2 seeks damages, including but not limited to reimbursement of attorneys' fees, costs and litigation expenses, and the monetary value of all rights granted, released or forborne in settlement of the *Bite Tech* Litigation. X2 further seeks all additional costs, expenses and attorneys' fees incurred in compelling FIC to perform its obligations under the Policy.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity among the parties and the amount in controversy exceeds $75,000. This Court has personal jurisdiction over all parties as FIC conducts business in Washington and X2 maintains its principal place of business here.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (2) because a substantial part of the events giving rise to X2's claims occurred in this judicial district and/or because the defendant is subject to personal jurisdiction in this judicial district.

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 2

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

843575.01

**BACKGROUND FACTS**

7. X2 is in the business of developing and marketing products which embed high performance acceleration and rotation sensors in sport-specific gear to combat sports-related brain injuries. For helmeted sports, such as football, X2 provided custom fitted or boil-and-bite protective mouthguards containing sensor modules. All its initial development and promotional activities were focused on mouthguards.

8. In late 2010 and early 2011, X2 began negotiating a license agreement with Bite Tech to develop a mouthguard incorporating X2's sensor modules in a Bite Tech mouthguard.

9. As of May 25, 2011, X2 and Bite Tech entered into a Technology License Agreement ("TLA") under which X2 granted Bite Tech "a worldwide, exclusive license under all of [its] Patent Rights and Technology Rights to make, have made, use, import, export, distribute, market, promote and otherwise offer for sale and sell Products . . . ."

10. As partial consideration for the licenses granted, Bite Tech was required to pay X2 an "advance royalty" of $2,000,000 in eight monthly installments of $250,000. X2 was also entitled to be paid a 50 percent royalty on all Product Income on a quarterly basis.

11. The TLA provided that X2 could terminate the agreement immediately by notice to Bite Tech, if Bite Tech became insolvent.

12. By February of 2012, X2 was concerned with Bite Tech's lack of progress in bringing its products to market. As of the end of 2011, no products were available for purchase, and no sales had occurred. By letter dated March 26, 2012, X2 gave notice to Bite Tech that it was terminating the TLA pursuant to Section 7.3.2 because Bite Tech was insolvent, i.e., it was no longer able to pay its debts in the ordinary course of business as they became due, and/or its liabilities exceeded its assets.

13. After termination of the TLA, Bite Tech assigned its rights to X2's technology to a newly formed entity named BTFM Holding, Inc. ("BTFM"), now known as i1

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 3

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

843575.01

Biometrics, Inc. ("i1"). The assignment was made without X2's permission or consent.

## THE *BITE TECH* LITIGATION

14. In July, 2012 Bite Tech and BTFM/i1 filed the *Bite Tech* Litigation in the Western District of Washington. The Complaint alleged seven causes of action. Claims I, II and III stated causes of action for breach of contract, including wrongful termination, breach of the TLA, and failure to collaborate on the development of products.

15. Claim IV of the Bite Tech Complaint, entitled Breach of Special Relationship, alleged that X2 breached a special relationship of confidence and trust, requiring X2 to disclose material facts to Bite Tech, that "X2 had a duty to disclose facts that it knew may justifiably induce Bite Tech to act or refrain from acting," and that X2 breached this duty by forming an intent to terminate the TLA and failing to disclose this fact to Bite Tech. Claim IV alleged that X2's breach of the special relationship proximately caused damages in an amount to be proven at trial and X2 was liable to Bite Tech for punitive and exemplary damages "under applicable state law as governed by tort choice of law principles."

16. Claim V of the Bite Tech Complaint stated a cause of action for conversion of all funds paid as advanced royalties and further that, as a result Bite Tech "has suffered and will continue to suffer irreparable injury, loss of goodwill, loss of business opportunities, and has incurred and will continue to incur damages in an amount to be proven at trial," again alleging that tort choice of law principles be applied.

17. Claim VI of the Bite Tech Complaint stated a claim for restitution and unjust enrichment.

18. Claim VII of the Bite Tech Complaint stated a statutory claim for trade secret misappropriation.

## INSURANCE COVERAGE

19. At the time the *Bite Tech* Litigation was filed, X2 was insured under the Policy

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 4

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

843575.01

issued by FIC. The Policy consists of standardized terms and provisions developed at FIC and elsewhere without X2's participation. X2 has satisfied all applicable conditions precedent under the Policy.

20. As the Parent Company identified in Item 1 of the Declarations, X2 is an Insured Organization and/or an Insured under the Policy. X2 also paid for, and is entitled to, the benefit of the Optional Insuring Clause (C): Corporate Liability Coverage. Accordingly, the Policy covers claims made against the corporation itself, and not simply its officers or directors.

21. Under the Policy, FIC promised to cover X2's "Loss . . . resulting from any Insured Organization Claim first made against such Insured Organization during the Policy Period . . . . for Wrongful Acts." "Wrongful Act" is defined in the Policy as "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by . . . any Insured Organization." "Loss" is defined to include "Defense Costs" which are in turn defined to include "reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses . . . incurred in defending any Claim. . . ." "Loss" does not include claims for restitution based upon an amended definition added by endorsement.

22. FIC's obligation to make full payment on behalf of X2 is subject only to the limits of liability and exclusions expressly and unambiguously stated in the Policy.

23. Exclusion III.(C)(2) provides in pertinent part:

No coverage will be available under Insuring Clause (C) for any **Insured Organization Claim**:

(2) based upon, arising from, or in consequence of any actual or alleged liability of an **Insured Organization** under any written or oral contract or agreement, provided that this Exclusion (C)(2) shall not apply to the extent that an **Insured Organization** would have been liable in the absence of the contract or agreement.

24. Exclusion III.(C)(7) excludes claims for misappropriation of trade secrets.

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 5

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

843575.01

### TENDER BY X2 AND DENIAL BY FIC

25. X2 alleges that Claims IV and V are covered claims under the Policy entitling X2 to indemnity and a defense. Claims IV and V have independent bases in tort.

26. By letter dated July 30, 2012, counsel for X2 tendered defense of the *Bite Tech* Litigation to FIC. FIC acknowledged the tender by letter dated August 8, 2012, but did not respond substantively until October 1, 2012, when it rejected the tender.

27. The October 1st letter acknowledged that the Complaint qualified as an Insured Organization Claim first made against an Insured Organization [X2] during the policy period for Wrongful Acts, but denied coverage and a defense based upon Exclusion III.(C)(2). The October 1st letter also cited Exclusion III.(C)(7) relating to misappropriation of trade secrets as a basis for denial of the tender.

28. By letter dated November 15, 2012, counsel for X2 informed FIC that Claims IV and V sounded in tort, and if proven, would provide an independent basis for liability even in the absence of an agreement. By letter dated November 29, 2012, FIC refused to alter its previous position. By letter dated December 26, 2012, counsel for X2 provided further analysis and case law demonstrating the errors in FIC's position. FIC responded in a letter dated February 19, 2013, in which its position remained unchanged.

### SETTLEMENT OF THE *BITE TECH* LITIGATION

29. The *Bite Tech* Litigation was settled by the parties pursuant to a Settlement Agreement in July 2013. To achieve settlement, X2 released its claims for damages without compensation, released all rights to continue to develop or market mouthguard based products, and with one exception relating to Stanford University, released all rights to continue to support research efforts using mouthguard based products. X2 further allowed i1 to use and develop certain X2 technology and patent rights without compensation.

30. FIC did not contribute anything to the settlement of the *Bite Tech* Litigation,

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 6

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

843575.01

including the settlement of Claims IV and V.

31. During the course of the *Bite Tech* Litigation, X2 incurred substantial attorneys' fees, costs and expenses in defending against the claims asserted by Bite Tech and BTFM/i1. No portion of these fees, costs and expenses was paid or reimbursed by FIC.

32. X2 has been damaged in an amount to be proven at trial, but which includes (1) its attorneys' fees, expenses and costs incurred in defense of the covered claims, whether such fees, expenses and costs are separable or inextricably intertwined with the fees, expenses and costs incurred in other aspects of the case; (2) an amount equal to the value of all technology rights, including, but not limited to patent and trade secret rights, which X2 gave up in the Settlement Agreement; (3) an amount equal to the lost profits, lost market share and/or royalties it would have received, or benefited from, but for foregoing such rights, and the release of any requirement by Bite Tech and/or i1 to pay royalties; and (4) an amount equal to all affirmative damage claims released by X2 to obtain a settlement of the plaintiffs' claims.

33. FIC has been given due notice of the *Bite Tech* Litigation and the claims identified therein and X2 has complied with all terms of the Policy. Demand has been made to FIC for defense and indemnification. FIC has unequivocally denied that it has any duty under the Policy to defend or indemnify X2 on the grounds that the claims asserted against X2 are excluded from coverage.

### FIRST CLAIM: DECLARATORY RELIEF

34. X2 repeats and realleges the foregoing allegations as if fully set forth herein.

35. X2 has paid or incurred substantial costs and expenses and has provided value in defending against the *Bite Tech* Litigation, and in negotiating a settlement.

36. Despite repeated requests from X2 for reimbursement of defense costs and indemnification for claims asserted in the *Bite Tech* Litigation, FIC has refused to defend X2,

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 7

pay such costs, or to assist in settlement.

37. By reason of the foregoing, an actionable and justiciable controversy exists between X2 and FIC regarding FIC's obligations to pay attorneys' fees, other defense costs, and indemnification costs in connection with the *Bite Tech* Litigation.

38. X2 is entitled to a declaratory judgment holding that it was entitled to a defense in the *Bite Tech* Litigation from FIC and that FIC breached its obligations to X2 in bad faith, entitling X2 to indemnity and denying FIC the right to assert any coverage defenses.

## SECOND CLAIM: BREACH OF CONTRACT

39. X2 repeats and realleges the foregoing allegations as if fully set forth herein.

40. FIC breached the Policy it issued to X2 by refusing to provide X2 with a defense and indemnification for claims arising out of the *Bite Tech* Litigation generally, and Claims IV and V specifically.

41. As a direct and proximate result of these breaches of the Policy by FIC, X2 has been deprived of the benefit of insurance coverage for which it paid premiums. FIC is liable to X2 for damages in an amount to be determined, plus all costs, expenses and attorneys' fees and indemnification, together with the costs, expenses and disbursements of this action, including, but not limited to, reasonable attorneys' fees and pre-judgment and post-judgment interest.

## THIRD CLAIM:
## VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT AND THE DUTY OF GOOD FAITH AND FAIR DEALING

42. X2 repeats and realleges the foregoing allegations as if fully set forth herein.

43. Pursuant to the Washington Insurance Code, RCW 48.01.030, the business of insurance is one affected by the public interest. Every insurance company has a duty of good faith and fair dealing which requires it to abstain from deception, act with honesty and lawfulness of purpose, and give equal consideration in all matters to the policyholder's

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 8

843575.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

interests. An insurance company's denial of coverage without reasonable justification, based upon suspicion or conjecture, or based upon a supposed defense which a reasonable investigation would have proved to be without merit, constitutes a violation of the duty of good faith.

44. The Washington Consumer Protection Act, Chapter 19.86 RCW, prohibits unfair or deceptive acts or practices. The Washington Administrative Code, Chapter 284-30 WAC, defines certain prohibited unfair or deceptive acts or practices in the business of insurance, including refusing to pay claims without conducting a reasonable investigation.

45. In failing to defend and indemnify X2 in connection with the covered claims asserted against X2 in the *Bite Tech* Litigation, FIC has acted in bad faith, in violation of Chapter 48.01 RCW, and has violated Chapter 284-30 WAC. These violations constitute unfair or deceptive acts or practices and hence a violation of Chapter 19.86 RCW.

46. By reason of the foregoing, X2 has suffered and continues to suffer direct and consequential expense, for which FIC is fully liable to X2.

47. As a further result of FIC's violations of Chapter 19.86 RCW, FIC is liable for treble damages up to the statutory limit and the reasonable attorneys' fees and costs incurred by X2 in this action.

48. As a further result of FIC's violations of Chapter 19.86 RCW, FIC is estopped from denying insurance coverage to X2 and is fully liable to X2 for all costs of defense and settlement in the *Bite Tech* Litigation, together with the costs and disbursements of this action, including but not limited to reasonable attorneys' fees and pre-judgment and post-judgment interest.

**FOURTH CLAIM:  INSURANCE FAIR CONDUCT ACT VIOLATIONS**

49. X2 repeats and realleges the foregoing allegations as if fully set forth herein.

50. As a result of FIC's unlawful breach of its insurance policies and its duties to

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 9

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

843575.01

indemnify and defend, X2 submitted a statutory letter dated August 15, 2013 to FIC and to the office of the Insurance Commissioner of the State of Washington. The letter complied with the requirements of RCW 48.30.015 notifying both FIC and the Office of the Insurance Commissioner of FIC's unreasonable denial of coverage, unreasonable denial of payment of benefits under the Policy, and breach of its duties under the Policies.

51. More than 20 days have elapsed since the submission by X2 of its statutorily required notice letter to defendant FIC and the Office of the Insurance Commissioner. FIC has failed to resolve the claims made by X2 during the twenty-day period prescribed by RCW 48.30.015.

52. FIC's breach of its contractual, statutory, and regulatory obligations and its failure to remedy those violations within the twenty days prescribed by RCW 48.30 are all violations of the Insurance Fair Conduct Act, RCW 48.30.010-015 ("IFCA").

53. X2 has been damaged by the defendant FIC's violation of its contractual, statutory, and regulatory obligations under its insurance policies, Washington insurance regulations, and RCW 48.30.010-015 in an amount to be proven at trial, but which is not less than $541,000.

54. Pursuant to RCW 48.30.015, X2's damages should be trebled and X2 awarded its attorney fees, actual and statutory litigation costs, including expert witness fees and other litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully stated its complaint, X2 prays for the following relief:

1. A declaration of X2's rights under the Policy issued by FIC, including but not limited to, FIC's obligation to reimburse attorneys' fees, other defense costs, and indemnification costs arising out of the *Bite Tech* Litigation;

2. A declaration that FIC's bad faith precludes it from asserting any coverage

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 10

defenses;

3. An award of compensatory damages against FIC, including all direct and consequential damages suffered by X2 due to FIC's breach of its Policy and of its duty of good faith, in an amount to be proven at trial, together with pre-judgment and post-judgment interest;

4. An award of treble damages against FIC under RCW 19.86.090;

5. An award of damages for FIC's violation of IFCA, RCW 48.30.015, and that such damages be increased to an amount not to exceed three times X2's actual damage pursuant to RCW 48.30.015(2);

6. An award of reasonable attorneys' fees and costs and disbursements, and all costs and expenses incurred in the defense of claims under the Policy, incurred in this action, and/or in compelling FIC to pay the benefits provided under the insurance policies as allowed by applicable law; and

7. Such other and further relief as this Court may deem just and proper.

DATED this 12th day of September, 2013.

RYAN, SWANSON & CLEVELAND, PLLC

By */s/ John T. Petrie*
John T. Petrie, WSBA #4848

By */s/ Robert J. Curran*
Robert J. Curran, WSBA #14310

By */s/ Bryan C. Graff*
Bryan C. Graff, WSBA #38553

Attorneys for Plaintiff
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
petrie@ryanlaw.com
curran@ryanlaw.com
graff@ryanlaw.com

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 11

843575.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359